Dorothy Sells **SHACKLETON**, Plaintiff-Appellant,

v.

**FOOD MACHINERY & CHEMICAL CORPORATION** and Ogden S. Sells, Defendants-Appellees.

No. 12001.

Seventh Circuit.

Nov. 7, 1957.

Allen I. Pretzman, Columbus, Ohio, Ralph J. Swanson, Jones, Sebat & Swanson, Danville, Ill., for appellant.

Harold W. Norman, William R. Engelhardt, Chicago, Ill., for defendant-appellee, Ogden S. Sells.

Before DUFFY, Chief Judge, and LINDLEY and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

The question to be decided on this appeal is whether the attorneys representing the plaintiff, Dorothy Sells Shackleton, had the right to authorize the dismissal with prejudice of an action against the defendant Ogden S. Sells. It is the contention of plaintiff that she had no knowledge of such dismissal and at no time, directly or impliedly, consented thereto.

This action is brought pursuant to Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., which provides, in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; * * * or 6) any other reason justifying relief from the operation of the judgment."

The petition alleges that the order from which relief was sought was one entered in the principal case of Dorothy Sells Shackleton v. Food Machinery and Chemical Corporation and Ogden S. Sells which was pending in the United States District Court for the Eastern District of Illinois, and was designated as Case No. 942–D. The order complained of was entered October 8, 1953, and dismissed the action as to defendant Ogden S. Sells, with prejudice. Plaintiff alleges that she has a good and valid cause of action against defendant Sells which could be pursued either in the courts of Illinois or elsewhere, and that by reason of the order of dismissal with prejudice, plaintiff was deprived of the possibility of prosecuting such action in the future. Plaintiff asks the court to correct and reform its order in Case No. 942–D so as to dismiss the action as to Ogden S. Sells without prejudice.

The original action (No. 942–D) was commenced by plaintiff on August 22, 1950, with The Food Machinery and Chemical Corporation as the named defendant. To understand the nature of the suit some background should be stated. On May 23, 1913, plaintiff's father, then the sole owner of the Peerless Husker Company, executed an instrument purporting to give his wife, Lottie M. Sells, a 35% interest in the business. He attached several conditions. In 1923, Peerless Husker Company was incorporated and plaintiff's mother received 35% of the capital stock of that company. In 1926, the mother exchanged her stock for stock in Sprague-Sells Corporation. In 1928, all of the common stock of Sprague-Sells Corporation was sold to the John Bean Manufacturing Company. The mother received $10,515.00 in cash and three hundred thirty-three (333) shares of the John Bean Manufacturing Company stock.

In the complaint in No. 942–D, plaintiff, in one cause of action, sought the recovery of certain royalties which she claimed to be due her under a contract between her three brothers and the John Bean Manufacturing Company, predecessor in name to The Food Machinery and Chemical Corporation. The second cause of action was based upon a document executed by plaintiff's father by which plaintiff claimed a vested interest

in certain stock which ultimately came into the possession of The Food Machinery and Chemical Corporation, and upon which plaintiff sought to impress a trust.

On February 8, 1952, plaintiff amended her complaint making her brother, Ogden S. Sells, a party defendant. Sells was a citizen and resident of California. The amended complaint charged that Ogden Sells, for many years after the death of his father, managed and took care of the financial affairs of their mother, and that she had confidence and trust in him and that a fiduciary relationship existed between them; that in 1928, at the suggestion of Ogden Sells, the mother transferred her 35% interest in violation of the trust agreement.

On March 27, 1952, Ogden S. Sells moved to quash the service of the summons upon him. However, he later withdrew his motion to quash, entered his appearance and filed an answer to the amended complaint.

Counsel for Ogden S. Sells took plaintiff's deposition. Thereafter, a pretrial conference was held. An attempt was made to agree upon a stipulation of facts. Documents in the possession of counsel for Sells were inspected by several of counsel for plaintiff. On August 17, 1953, counsel for defendant submitted to Mr. Atten, one of counsel for plaintiff, 1) a request for admissions within ten days under Rule 36, Federal Rules of Civic Procedure, and 2) in the alternative, a stipulation for dismissal of the action as to Ogden S. Sells, with prejudice. Copies of these documents were furnished to Mr. Kuhn, Mr. Swanson and Mrs. White, all of whom were acting as counsel for plaintiff. No answer was made to the request for admissions.

On March 21, 1952, a motion was filed by several of the attorneys for plaintiff to withdraw certain allegations of the amended complaint having to do with the claim asserted against Ogden S. Sells. This motion contained the following prayer: "Wherefore plaintiff prays that said Ogden Sells be withdrawn from this cause * * *." No court action was taken on this motion.

On August 18, 1953, another motion was filed by Ralph Swanson, Esq., local attorney for plaintiff, in which plaintiff again moved to strike certain of the amended portions of her complaint having to do with allegations against Ogden Sells. The motion contained the following: "The plaintiff moves to dismiss Ogden S. Sells as a party defendant."

Mr. Harold Norman was the attorney for Ogden Sells. He furnished to Mr. Atten and Mr. Kuhn, two of plaintiff's attorneys, information concerning the history of Sprague-Sells Corporation and the John Bean Manufacturing Company. He urged counsel to set a time for entering a stipulation of facts as had been suggested by the Court. Finally, on April 7, 1953, Atten wrote to Norman in part: "At the present time, we are contemplating dismissing your client out of the case * * *."

On August 25, 1953, Mr. Atten who, at that time, was apparently chief counsel for plaintiff in Illinois, wrote a letter to Ralph Swanson, one of his co-counsel. In this letter he stated: "It now appears, however, that our cause of action against Ogden Sells is not as good as we thought it would be, and we are, therefore, willing to have him dismissed as a party defendant. Personally, I can see no reason why the order of dismissal cannot be entered with prejudice." A copy of this letter was sent to Mrs. White who, from the beginning, was one of plaintiff's attorneys and who frequently was in contact with plaintiff. A copy also was sent to counsel for defendant Sells.

Subsequent to the two motions to dismiss the action as to Ogden Sells, there was correspondence between Messrs. Swanson, Kuhn and Atten, attorneys for plaintiff, and attorneys Norman and Gunn, counsel for defendants. At all times the attorneys for defendants were insisting upon an order dismissing Ogden Sells with prejudice. Thereafter, Mr. Swanson submitted to Mr. Atten a draft order for the dismissal of defendant Sells with prejudice. On September 12, 1953, Atten sent the draft order to

Mrs. White stating that he wished to check with her "to make sure that Mrs. Shackleton understands what we are doing." Mrs. White did confer with plaintiff, and thereafter forwarded to Mr. Atten a letter from plaintiff under date of September 28, 1953 which plaintiff had written to her and which contained the following: "It is with my consent and approval that my brother Ogden S. Sells withdraws from the case against The Food Machinery and Chemical Corporation." On October 7, 1953, Mrs. White wrote to Mr. Kuhn informing him of plaintiff's consent to the withdrawal of defendant Sells. On October 8, 1953, the order dismissing Ogden Sells with prejudice was entered.

Nearly three years after the action against Ogden Sells had been dismissed with prejudice, and after the advent of new counsel, plaintiff filed her petition asking that the order of dismissal be set aside. True, Mrs. White testified she didn't know that the order of dismissal had been with prejudice, but the District Court did not believe her. He pointed out Mrs. White's close connection with the case from the very beginning, her frequent trips to Danville, Illinois, where the action was pending, and that she did confer with plaintiff in September, 1953. This was a short time after her co-counsel Atten had stated in a letter: "Personally, I can see no reason why the order of dismissal cannot be entered with prejudice," and had sent a copy to Mrs. White. This conference between the plaintiff and Mrs. White was also shortly after Mr. Atten had sent Mrs. White the draft of the order dismissing the action as to Sells with prejudice, and after he had written to Mrs. White "to make sure that Mrs. Shackleton understands what we are doing."

It is unbelievable that Mrs. White would not have told plaintiff of the proposed order and the suggestions of her co-counsel. We think there is substantial basis in this record for the District Court's Finding 12: "The dismissal of Ogden S. Sells with prejudice was made by plaintiff's counsel with the actual knowledge, consent and approval of plaintiff."

Plaintiff emphasizes that she should not be deprived of her day in court. In this connection, in spite of the allegations in her amended complaint, plaintiff admitted in her deposition that it was her brother Neal who advised her mother with respect to financial matters, and that her brother Ogden Sells had nothing to do with his mother's affairs. In fact, she testified Ogden only saw his mother for a few hours once a year.

Rule 61, Federal Rules of Civil Procedure, provides in part: "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." In view of plaintiff's admissions under oath, we cannot say the District Court's refusal to vacate the order of dismissal was an abuse of discretion. In International Bureau, Inc., v. Bethlehem Steel Co., 2 Cir., 192 F.2d 304, 306, the Court was considering the ruling of the District Court on a motion for a new trial and stated: "* * * it was not an abuse of discretion to deny the motion unless it was reasonable to believe that the granting of it would be likely to change the result of the trial."

There was nothing arbitrary about the action of the District Court in refusing to vacate the order of dismissal with prejudice. The trial judge was rightfully impatient with the lack of progress in this lawsuit. He pointed out that it was the oldest case on his docket. The dismissal order as to Ogden S. Sells had been entered some three years previously. Even if plaintiff had made a showing of merit, the defense of laches would have been a bar.

We conclude the action of the trial court in refusing to vacate the order of dismissal dated October 8, 1953 was correct and such order of the Court is

Affirmed.