**UNITED STATES of America,**
Plaintiff,

v.

**Horace M. SMALL, Defendant.**

United States District Court
S. D. New York.

Oct. 28, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., for the S. D. of N. Y., New York City, Stephen Kurzman, Asst. U. S. Atty., New York City, of counsel, for plaintiff.

Whitney North Seymour, Jr., New York City, Peter Megargee Brown, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Horace M. Small moves for an order (1) vacating a judgment in the sum of $1337.29 entered against him in this court on default on October 9, 1958; (2) staying the collection of said judgment; (3) permitting the interposition of an answer to the complaint; and (4) granting summary judgment in his favor on the merits.

The papers show that the defendant was inducted into the Army of the United States on July 24, 1942. At that time he was separated from his wife, Rosalind M. Small. He informed the military authorities, however, that he was single when he entered the service.

Unknown to Mr. Small, his wife applied for and received benefits under the Servicemen's Dependents Allowance Act of 1942, 56 Stat. 381, as amended, 57 Stat. 577.* The payments to Mrs. Small, presumably as a Class A dependent, were paid according to the complaint at the rate of $62 a month from January 1, 1943 to October 31, 1943 and at $80 per month from November 1, 1943 to July 31, 1946.

The defendant herein was first informed of a claim asserted against him by the government when on August 20, 1952 the General Accounting Office demanded from him the sum of $946, said sum being the aggregate of 43 alleged overpayments, each in the amount of $22, the sum by which his monthly Army pay should have been reduced, or, the sum with which said pay should have been charged.

Thereafter he received from the General Accounting Office various communications demanding payment.

On September 9, 1958, defendant was served with process herein. He went in person to the United States Attorney's office and discussed the matter with the Assistant in charge of his case. Believing that he had no defense to the action, defendant failed to answer the complaint and the above-mentioned judgment was taken against him.

Plaintiff cross-moves for entry of summary judgment if the court grants defendant's motion to open his default.

Except to the extent defendant seeks summary judgment, his motion is granted.

██ It may be that defendant will be able to defeat plaintiff's claim at the trial, as will hereinafter appear. Accordingly, any doubt as to whether, in the court's discretion, the motion should be granted, is resolved in the movant's favor.[1]

To support his contention that he will prevail on a trial of the merits of plaintiff's claim, defendant argues that two defenses are available to him, viz., "change of circumstances" and laches.

█ The government contends that the law is well settled that these defenses are not available against it in an action for the recovery of moneys overpaid by it. The authorities cited for this contention are not directly in point.

It is true that:

"The existence of an important, difficult, or complicated question of law, where there is no genuine issue of material fact, is not a bar to a summary judgment. Resolution of the legal issues is for the court, and will not be rendered easier by going through the futile motions of a trial when there is no issue of fact to be tried."[2]

On the other hand,

" * * * the court must necessarily evaluate the character of the record in the light of the legal issues; and it should take care not to adjudicate difficult or complicated legal issues, either of a private or

---

* Now 37 U.S.C.A. § 252.

1. 7 Moore's Fed.Prac. ¶60.19, p. 224; Pataroff v. Vollstedt's Inc., 9 Cir., 1959, 267 F.2d 863; Mitchell v. Eaves, 2 F.R.Serv. 2d 55c.2, Case 1 (E.D.Tenn.1959).

2. 7 Moore's Fed.Prac. ¶56.16, p. 2166.

public nature, upon an inadequate factual basis. A sound appraisal may demand that the motion be denied and that the case proceed to trial. * * * "[3]

■ I find that the record on these motions is inadequate to warrant the exercise of the discretion vested in me by F.R.Civ.P. 56, 28 U.S.C.A.

Despite defendant's admission that plaintiff made payments as alleged to his wife, his affidavits on this motion show the following in this regard:

"It was the honest truth to say when I was in the Army that I was a single man. I was married in the legal and technical sense in that a certificate was issued but this married state lasted for only a few hours. Rosalind Link and I never lived as man and wife and never lived under the same roof together. This so-called marriage took place in 1938 or 1939. I never saw Rosalind Link again or communicated with her or she with me following the date of the ceremony until I saw her after the war. * * * "

It well may be that an analysis of the legislative history of the Act and other pertinent data will lead to the conclusion that Rosalind M. Small was not defendant's wife within the meaning of the Act.[4]

On this motion it appears that the Act requires that the monthly pay of an enlisted man whose dependent is paid a monthly family allowance shall be reduced by or charged with the amount of $22. Perhaps the government paid the allowances to defendant's wife on the basis of fraudulent statements made by her.

It is possible that defendant's monthly pay was not reduced by or charged with the amount of $22 because he had misrepresented his marital status. Alternatively, his misstatements in this respect might not have been any factor in his "overpayment".

In the face of the doubts generated by the lack of information as suggested above, the court is of the opinion that the case is not ripe for a summary judgment.

Defendant may within twenty days serve an answer to the complaint in the form annexed to the instant motion or in such enlarged form as his counsel may see fit.

The defendant's cross-motion for summary judgment is denied.

It is so ordered. No further order is necessary.

---

3. 7 Moore's Fed.Prac. ¶56.15, p. 2158.

4. See 57 Stat. 578 (1943), 37 U.S.C., Supp. II, § 206(c) (1940 ed.).