### DeLONG'S, INC.

#### v.

STUPP BROS. BRIDGE & IRON CO., Wilmar Steel Products Company, St. Joseph Structural Steel Company, Kansas City Structural Steel Company, Missouri Valley Steel, Incorporated, A. J. Industries, Inc., Havens Structural Steel Company.

No. 62 C 264(2).

United States District Court
E. D. Missouri, E. D.

Dec. 20, 1965.

Mortimer A. Rosecan, St. Louis, Mo., Hendren & Andrae, Jefferson City, Mo., for plaintiff.

E. C. Hartman, R. H. McRoberts, St. Louis, Mo., for Stupp Bros.

Harold D. Carey, St. Louis, Mo., for Wilmar Steel Products Co.

E. C. Hartman, Local Counsel, St. Louis, Mo., Robert A. Brown, Brown, Douglas & Brown, St. Joseph, Mo., for St. Joseph Structural Steel Co.

E. C. Hartman, Local Counsel, St. Louis, Mo., Spencer, Fane Britt & Browne, Kansas City, Mo., for Kansas City Structural Steel Co.

Richmond C. Coburn, St. Louis, Mo., for Missouri Valley Steel, Inc.

E. C. Hartman, Local Counsel, St. Louis, Mo., Gage, Hodges, Moore, Park & Kreamer, Kansas City, Mo., and Vaughan, Brandlin, Robinson & Roemer, Los Angeles, Cal., for A. J. Industries, Inc.

E. C. Hartman, Local Counsel, St. Louis, Mo., Carl E. Enggas, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for Havens Structural Steel Co.

MEREDITH, District Judge.

This matter is pending upon plaintiff's motion to vacate and set aside the dismissals of defendants Missouri Valley Steel, Inc., and Havens Structural Steel Company. This motion is grounded upon Rule 60(b) (6), F.R.Civ.P., which authorizes the Court to relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." It is necessary to state the underlying facts in detail.

Plaintiff's original complaint, filed in July 1962, stated a private right of action under the provisions of §§ 15 and 26 of Title 15, U.S.C., for alleged violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. The following companies were named as parties defendant: Stupp Bros. Bridge & Iron Co., Wilmar Steel Products Company, St. Joseph Structural Steel Company, Kansas City Structural Steel Company, Missouri Valley Steel, Inc., A. J. Industries, Inc., and Havens Structural Steel Company. The complaint alleged that said defendants had combined and conspired, in violation of § 1 Sherman, "to eliminate competition in the sale of fabricated steel used in the construction of bridges on projects of the Missouri State Highway Commission," and had monopolized or attempted to monopolize the sale of such fabricated

steel in violation of § 2 Sherman. By stipulation of the parties, defendant A. J. Industries, Inc., was dismissed without prejudice by order dated January 21, 1963.

This cause was originally set for trial on October 5, 1964. In July 1964, the cause was re-set to February 8, 1965. In September 1964, it was re-set to June 1, 1965. In March 1965, it was re-set to September 13, 1965. At a pre-trial conference held on July 21, 1965, the parties agreed they could not be ready by September 13, 1965. The Court informed counsel that the only open date available was November 29, 1965, and that, if the case could not be set for that date, it would have to be set over until the summer of 1966. Counsel for defendant Missouri Valley Steel advised the Court that it would be a great hardship for him to go to trial on that date because he would then be fully engaged in preparation for the trial of another protracted case set for trial before this Court in January 1966. In order to secure the November 29, 1965, trial setting, counsel for plaintiff agreed to dismiss the complaint as to defendant Missouri Valley Steel. Because defendant Havens' position on the merits was nearly identical to that of defendant Missouri Valley Steel, and to avoid any unfairness or unfavorable inferences, counsel for plaintiff also agreed to dismiss as to Havens.

On September 10, 1965, plaintiff, by leave of Court, dismissed defendants Missouri Valley Steel and Havens without prejudice, and filed an amended complaint deleting both as parties defendant.

During September, controversy developed among the remaining parties regarding compliance with Pre-Trial Order No. 3, which had been entered by the Court on July 22, 1965. That order read in pertinent part as follows:

"1. On or before August 9, 1965, each defendant will submit a concise statement of the ultimate facts which they will rely on as a defense to this action.

"2. That on or before August 23, 1965, plaintiff shall furnish each counsel for each defendant with a list adequately describing all documents which it then intends to offer in the trial of this case in support of the allegations contained in the complaint, except statistical summaries, compilations, tables or charts, but including the source material upon which such statistical summaries, compilations, tables and charts are based.

"9. That in the event any party includes in the lists specified in Paragraphs 2 and 5 of this Order any document which is not already in the possession of the opposing parties, two copies of such document shall accompany said lists."

On September 10, 1965, defendants Kansas City Structural Steel Company and St. Joseph Structural Steel Company filed a motion to require plaintiff to comply with paragraph 9 of the Pre-Trial Order, alleging that plaintiff had not supplied them copies of the documents listed on the "List of Documents" filed by plaintiff on August 23, 1965. Further, on September 10, 1965, plaintiff filed a motion to require defendants Kansas City Structural Steel Company and St. Joseph Structural Steel Company to comply with paragraph 1 of Pre-Trial Order No. 3. A further conference was held and on September 22, 1965, the Court entered an order requiring plaintiff to comply with paragraph 9 of the Pre-Trial Order, but modifying that Order so as to require plaintiff to furnish only one copy of the documents instead of two, and denying plaintiff's motion to require these defendants to furnish additional statements of their defenses.

A further pre-trial conference was held on October 13, 1965, at which time counsel for defendants requested the Court to vacate the trial setting of November 29, 1965. Counsel informed the Court that owing to the delay in receiving the above-mentioned documents, they could not be ready for trial on that date.

Accordingly, over the objections of plaintiff, the Court vacated the November 29th trial setting.

Turning now to the present motion, plaintiff urges the following reasons for vacating the dismissals of Missouri Valley Steel and Havens; the sole reason plaintiff dismissed these defendants was to avoid delaying the trial until the summer of 1966; defendants have given no consideration for their dismissal; since the matter has now been set over to 1966, it would be inequitable to deprive plaintiff of a trial on the merits against these defendants under the circumstances as developed; defendants will not be disadvantaged by the setting aside of their dismissals because nothing has happened in the interim to prejudice their rights (unless denying them an undeserved windfall is prejudicial); setting the dismissals aside is the logical and convenient course because joining these defendants in any other way might involve different statutes of limitations, duplication of discovery and other detriments to the Court and the parties. Plaintiff relies on the cases of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116 (S.D.N.Y.1956); Russell v. Cunningham, 279 F.2d 797 (9 Cir. 1960); and United States v. Small, 24 F.R.D. 429 (S.D.N.Y. 1959), for its propositions that Rule 60 (b) (6) is "a grand reservoir of equitable power to do justice in a particular case," that doubts on such issues should be resolved in movant's favor and that the policy of the law is to favor a hearing of a litigant's claim on the merits. In sum, it is urged that the equities in this case require vacation of these dismissals.

The plaintiff's motion must be denied. The case of Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), makes clear that relief under Rule 60(b) (6) is appropriate only under extraordinary circumstances. In the cases cited by plaintiff, the movants had been denied, by reasons largely beyond their control and to their extreme prejudice, an opportunity to litigate the true merits. These cases provide no support to a party who, by his own calculated choice, has put himself in the position from which he seeks relief. Instead, the keynote in such cases remains, as stated in *Ackermann:*

> "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from" (l. c., supra, at 198, 71 S.Ct. at 211)

The Court is aware that the circumstances involved in *Ackermann* differ greatly from those here presented. We have here a dismissal without prejudice so that the free and calculated choice involved did not necessarily affect "an end to litigation." Plaintiff could reinstitute its cause of action by bringing a separate suit against these defendants or move to have them added as additional parties defendant. Thus, it is arguable that the Ackermann standards as to relief under Rule 60(b) (6) are not here applicable. But, this dismissal does have significant aspects of "finality." A dismissal without prejudice as to certain parties defendant terminates the pendency of the litigation as to them and their position becomes legally the same as if the suit had never been brought. Bomer v. Ribicoff, 304 F.2d 427 (6 Cir. 1962); Johnston v. Cartwright, 344 F.2d 773 (8 Cir. 1965). If the action should subsequently be reinstituted, the time during which the prior action dismissed without prejudice was pending cannot be deducted from the limitation period. Bomer v. Ribicoff, supra. Naturally, this is a factor of great significance considering the four year limitation period provided for in 15 U.S.C.A. § 15b. The situation having become as though these defendants had not been originally joined as parties defendant, they have gained a significant advantage regarding the limitation period. Neither reinstitution of suit against them nor joining them as additional parties defendant could re-

create the original situation, for the tolling of the statute of limitation as regards certain conspirators, by filing suit, etc., does not toll the statute as to other conspirators. As stated in Charles Rubenstein, Inc., v. Columbia Pictures Corp., 154 F.Supp. 216, 220 (D.Minn. 1957):

> " * * * Imputation to one conspirator of the onus of the acts of his fellow conspirators does not abrogate the particular statute of limitations which may be available to any one of the conspirators."

It is impractical to try before a jury defendants as to whom different limitation periods would be applicable in determining damages. Therefore, because of these statute of limitation aspects, it is highly unlikely that this Court would grant a motion to add these two defendants as parties.

▇ It is thus clear that the alternatives are not so clear, nor equal, as plaintiff contends. Therefore, the principles laid down in the *Ackermann* case are applicable in the present situation. The degree of required justification for relief under Rule 60(b) (6) set out in *Ackermann* has been consistently followed. See 7 Moore's Federal Practice § 60.27 and 3 Barron & Holtzoff Federal Practice and Procedure § 1329. Plaintiff's primary justification concerns the fact that these parties defendant gain an "unearned windfall" while plaintiff loses its November 29th trial setting. But, if equities are to be balanced in deciding such motions, the Court cannot escape the plain fact that the vacation of the November 29th trial setting resulted from delays for which plaintiff must bear a large part of the responsibility. The fact that these defendants gain an "unearned windfall" becomes irrelevant, just as it was irrelevant in *Ackermann* that the movants in fact had valid legal arguments against their denaturalization. These considerations of equities, however, although of importance, are not the

real crux of the matter. The essential fact remains that plaintiff made a calculated choice to dismiss these defendants in order to gain an earlier trial setting. This case had been re-set many times and counsel must have realized that the November 29th trial setting was not guaranteed against all contingencies. Such free, voluntary and calculated decisions play an important role in the litigation of protracted cases such as this one, and preserving the integrity and validity of such decisions has an obvious judicial value. Relief from such decisions should not be granted absent compelling and extraordinary circumstances. We find no such circumstances in this case and the motion must be denied.