United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 04-30611

———————

In Re:  VANESSA FAITH PETTLE,

Debtor

VANESSA FAITH PETTLE,

Appellant

versus

GEORGE BICKHAM, JR,

Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARWOOD, GARZA and BENAVIDES Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Vanessa Faith Pettle ("Pettle") appeals the district court's decision to reverse the bankruptcy

court's order refusing to grant George Bickham's ("Bickham") motion for relief from judgment.

Pettle argues that the bankruptcy court did not abuse its discretion in refusing to set aside its

judgment because Bickham had voluntarily requested that his claims be dismissed from the

bankruptcy proceedings.

I

Bickham filed suit in Louisiana state court for personal injuries he sustained in an automobile

accident with Pettle.  Before the start of trial, Pettle filed a Chapter 7 bankruptcy petition.  The petition listed Bickham as an unsecured creditor owed an uncertain amount for "auto accident damages."  The filing of the bankruptcy petition effected an automatic stay of the state court proceedings.  Bickham responded by filing a complaint asserting that the debt due to him was nondischargeable under 11 U.S.C. § 523(a)(9).  He also filed a motion for relief from the automatic stay in order to allow the state court to assess the amount Pettle owed him.  The bankruptcy court granted the motion and lifted the stay.  It also entered an order discharging all of Pettle's debts except those owed to Bickham.

On September 17, 2002, Bickham filed a "Motion to Dismiss Adversarial Proceeding."  The bankruptcy court granted the motion on September 22, 2002 by signing an order prepared by Bickham which stated that the adversary proceeding was dismissed "with prejudice."  Subsequently, Pettle's counsel informed Bickham that his attempt to obtain relief in state court violated the discharge injunction provision of 11 U.S.C. § 524.  Less than two weeks before trial was scheduled to commence, Pettle moved the bankruptcy court to reopen her Chapter 7 case and filed a "Motion for Injunctive Relief and Temporary Restraining Order" to enjoin Bickham from pursuing the state court proceeding.  The court granted the motion and the trial was stayed.

On September 2, 2003, almost one year after Bickham had voluntarily moved to dismiss his complaint, Bickham filed a "Motion for Relief From Order Under Federal Rule of Civil Procedure 60(b)."  The bankruptcy court denied the motion, holding that Bickham's error did not constitute "mistake" or "excusable neglect" under Rule 60(b)(1).  FED R. CIV. P 60(b)(1).  The court also found that this case did not present the type of "extraordinary circumstances" that could warrant relief under Rule 60(b)(6).  FED R. CIV. P 60(b)(6).  On appeal, the district court reversed, finding that the

bankruptcy court had abused its discretion by failing to consider the fact that Bickham had acted in good faith and that the case had not been decided on its merits. The district court concluded that Bickham's actions constituted "excusable neglect" and thus warranted relief under Rule 60(b)(1).

II

We review the district court's decision by applying the same standards of review it applied to the bankruptcy court's ruling. *In re Pro-Snax Distributors, Inc.*, 157 F.3d 414, 419-20 (5th Cir. 1998). Thus, we review the denial of a Rule 60(b) motion for abuse of discretion. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted) ) denial must have been so unwarranted as to constitute an abuse of discretion ." *Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981).

Rule 60(b)(1) of the Federal Rules of Civil Procedure, which is incorporated in Federal Bankruptcy Rule 9024, allows a court to "relieve a party or a party's legal representative from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." FED R. CIV. P 60(b)(1); FED. R. BANKR.P. 9024. Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P 60(b)(6). We have consistently held that the "relief under Rule 60(b) is considered an extraordinary remedy . . . [and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (quoting *Bailey v. Ryan Stevdoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

III

Pettle argues that the district court erred by relying on the Supreme Court's decision in

*Pioneer Investment Services Co. v. Brunswick Ass'n. Ltd. Partnership*, 507 U.S. 380 (1993).

Bickham asserts that the district court's reliance on *Pioneer* was correct and that his good faith

efforts warranted reversing the bankruptcy court's decision. Specifically, he notes that his neglectful

actions were excusable because his claims were never decided on the merits, and because he suffered

substantial prejudice while Pettle did not. He also argues that substantial justice warranted reversal

so that he as "a permanently injured victim [may] have his day in court against an alleged intoxicated

driver."

In *Pioneer*, the Court considered the meaning of "excusable neglect" within the context of

Bankruptcy Rule 9006(b)(1), which "empowers a bankruptcy court to permit a late filing if the

movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'" *Id*. at 382

(quoting FED. R. BANKR.P. 9006(b)(1)). The Court held that the bankruptcy court should have

weighed a number of factors in determining excusable neglect including (1) the danger of prejudice

to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason

for the delay, including whether it was within the reasonable control of the movant, and (4) whether

the movant acted in good faith. *Id.* at 395.

In this case, however, Bickham's negligence did not just involve a missed filing deadline.

Rather, his predicament stems from his voluntary motion to dismiss with prejudice his own adversarial

action. While *Pioneer* guides an analysis of "excusable neglect" within the context of Bankruptcy

Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that

"'inadvertent mistake'[,] . . . [g]ross carelessness, ignorance of the rules, or ignorance of the law are

insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse it s discretion if it were to

reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable

solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning*, 6 F.3d 350, 356-57 (5th Cir. 1993). Similarly, "[t]he broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Id*; s*ee also McCurry v. Adventist Health Sys./Sunbelt,* 298 F.3d 586, 592 (6th Cir. 2002) ("neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from judgment."); 46 AM.JUR.2D *Judgments* § 823 (2004) ("As a general rule, parties seeking relief from judgment on the basis of surprise, mistake, inadvertence, or excusable neglect under the Federal Rules are denied relief from the result of voluntary actions on their part."); 11 C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2858 (2d ed. 1995) ("Voluntary action also may estop a party from seeking relief on the ground of mistake or excusable neglect . . . . This includes matters such as . . . voluntary dismissals, even when based on erroneous facts.").

Accordingly, federal courts have consistently applied this principle in refusing to grant a party who voluntarily requests dismissal of a claim to obtain relief from that judgment under Rule 60(b). For example, in *Nemaizer v. Baker*, the Second Circuit addressed a similar case in which the plaintiff filed a stipulation dismissing his action with prejudice. 793 F.2d 58 (2d Cir. 1986). When the plaintiff discovered that the stipulation would preclude him bringing his action in state court, he sought relief from the judgment. While the district court granted the plaintiff's motion, the court of appeals reversed noting that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment" under Rule 60(b)(1) or 60(b)(6). *Id*. at 62. *See also Shackleton v. Food Mach. & Chem. Corp*., 248 F.2d 854 (7th Cir. 1957) (district court did not abuse its discretion when it refused to vacate its order granting plaintiff's

5

motion to voluntarily dismiss defendant from suit); *In re Mercado-Jimenez*, 193 B.R. 112 (D.P.R. 1996) (bankruptcy court did not abuse its discretion in denying debtor's motion to withdraw its earlier motion for voluntary dismissal which the bankruptcy court had already granted); *DeLong's, Inc. v. Stupp Bros. Bridge & Iron Co.*, 40 F.R.D. 127 (E.D. Mo. 1965) (denying plaintiff's Rule 60(b)(6) motion to reinstate two defendants it voluntarily dismissed in order to obtain an earlier trial date).

Similarly, Bickham made a specific choice to voluntarily request dismissal of his case with prejudice without fully understanding the consequences of his decision on his state court action. "Where a party makes a considerable choice . . . he 'cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him' that, as it turns out his decision was 'probably wrong.'" *Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 6 (1st Cir. 2001) (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). This principle is no less applicable in situations where the merits have not been adjudicated. Indeed, in all of the cited cases where the plaintiff sought relief after voluntarily requesting dismissal, no determination on the actual merits had been made.

Moreover, it is particularly significant that by the time Bickham filed his Rule 60(b) motion the time to appeal the September 22, 2002 order dismissing his adversary complaint had long since expired. *See Pryor v. U.S. Postal Service*, 769 F.2d 281, 288 (5th Cir. 1985). We see no reason to find that the bankruptcy court's denial of relief under Rule 60(b) was so unwarranted as to constitute an abuse of discretion.

IV

Accordingly, we REVERSE the district court's ruling and AFFIRM the bankruptcy court's

decision.  We REMAND this case for further proceedings, consistent with this opinion, as the

bankruptcy court deems necessary.