United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

05-30718
_____

IN THE MATTER OF: ABBY LINES INC.,

Debtor,

LUCY G. SIKES, TRUSTEE ON BEHALF OF ABBY LINES INC.,

Appellant,

versus

PROGRESSIVE BANK: PROGRESSIVE BANCORP
INC.; GEORGE CUMMINGS, III; JOE DOUGHTY,

Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

Before KING, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bankruptcy trustee Lucy Sikes ("the Trustee"), on behalf of Abby Lines, appeals the district court's judgment dated June 24, 2005, affirming the bankruptcy court's November 2, 2004, judgment, denying the Trustee's Rule 60(b) motion and dismissing the adversary proceeding in favor of Progressive Bank, Progressive Bancorp, Inc., George Cummings, III and Joe Doughty

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

("Progressive Bank Parties"). Because we find that the district court did not abuse its discretion, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal relates to an underlying dispute between Abby Lines and the Progressive Bank Parties stemming from Abby Lines's bankruptcy proceedings; the Trustee was subsequently added. Before the Trustee was added, however, the parties drafted an agreement detailing certain negotiated terms regarding Abby Lines's reorganization, including an automatic release of all claims by Abby Lines against the Progressive Bank Parties. The bankruptcy judge narrowly tailored this agreement to only include a release of lender liability claims (as originally negotiated); however, after Abby Lines converted its Chapter 11 bankruptcy to a liquidation under Chapter 7, the judge determined the agreement moot.

Several months after this conversion, the Trustee filed suit in Louisiana state court against the Progressive Bank Parties alleging, among other claims, breach of fiduciary duty and fraud. The Progressive Bank Parties removed the matter to the federal district court contending that the complaint filed against it by the Trustee was barred by the previous agreement between the parties. The Trustee maintained that no such agreement existed, as the bankruptcy court had determined the agreement and its content effectively moot. Accordingly, the Progressive Bank Parties filed a motion to dismiss the adversary proceeding on the basis that the bank had obtained an automatic release of all claims in the aforementioned agreement and the bankruptcy court eventually granted that motion. In response, the Trustee filed a motion to reconsider and an objection to the court's judgment. Accordingly, the district court denied the Trustee's motion for reconsideration, but directed the bankruptcy court to conduct an evidentiary hearing related to the agreement. As directed, the

bankruptcy court held the hearing and affirmed its previous determination and dismissal of the Trustee's action.

Unsatisfied with this decision, the Trustee again appealed to the district court and raised what the district court determined to be a Rule 60(b) motion under the Federal Rules of Civil Procedure for relief from the bankruptcy court's ruling. The district court affirmed the judgment of the bankruptcy court, explaining that it had no authority to allow discovery or enlarge the record on appeal. Furthermore, the district court reasoned that the bankruptcy court had rejected "almost identical arguments" when it effectively dealt with the Trustee's Rule 60(b) motion. The Trustee now appeals the ruling of the district court regarding the Rule 60(b) motion.

## II. DISCUSSION

A bankruptcy court's denial of a motion to reconsider or denial of relief under Rule 60(b) is reviewed for an abuse of discretion. *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) (per curiam). Further, we will review the district court's determination "by applying the same standards of review it applied to the bankruptcy court's ruling." *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) (citing *In re Pro-Snax Distrib., Inc.*, 157 F.3d 414, 419-20 (5th Cir.1998)). This is a stringent standard. "It is not enough that the granting of relief might have been permissible, or even warranted[;] denial must have been so unwarranted as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). A party can challenge the validity of a court order based on fraud or mistake under Rule 60(b) of the Federal Rules of Civil Procedure.[1] Rule 60(b) provides that:

---

[1] Federal Rule of Civil Procedure 60(b) is made applicable to bankruptcy proceedings through Rule 9024 of the Federal Rules of Bankruptcy Procedure.

3

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed. R. Civ. P. 60(b) (2006). A party moving for relief under the fraud provision of Rule 60(b) must "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 772 (5th Cir. 1995) (citation omitted). Accordingly, Rule 60(b) is primarily an instrument of equitable relief; it is not to be "made a vehicle for the relitigation of issues." *In re Tucker*, 211 F.3d 125, *1 (5th Cir. 2000) (unpublished) (citing *Banker's Mort. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970)).

In its order, relying on *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1213 (5th Cir. 1976), the district court explained that a "[R]ule 60(b) motion must first be made in the court which entered the judgment or order – here, the bankruptcy court." Therefore, the district court reviewed the record in this case and determined that the Trustee had effectively raised a Rule 60(b) motion before the bankruptcy court via a motion to reconsider. It also determined that the bankruptcy court correctly denied the motion after conducting two days of evidentiary hearings, allowing for additional discovery, and accepting additional briefing from the parties. Accordingly, the district court held that the bankruptcy court did not abuse its discretion in denying the Trustee's motion to reconsider based on fraud or mistake, as the evidence did not support this basis of relief. Likewise, we hold that the district court did not abuse its discretion when it denied the Trustee's appeal on the issue of fraud or mistake.

## III. CONCLUSION

4

The judgment of the district court is AFFIRMED.