NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 10, 2008
Decided December 12, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 07-3963

EQUILEASE FINANCIAL SERVICES, INC.,
and EQ TRANSPORTATION, INC.,
    *Plaintiffs-Appellees*,

    *v.*

FINCASTLE LEASING, INC., et al.,
    *Defendants-Appellants*.

Appeal from the United States District
Court for the Central District of Illinois.

No. 05-C-2099

Harold A. Baker,
*Judge.*

**O R D E R**

Fincastle Leasing and its officers, George Guild and Freida Wagner, appeal from the district court's denial of a motion to vacate under Federal Rule of Civil Procedure 60(b). In their motion the appellants argue that the district court, when it entered judgment against them in this litigation in 2007, improperly applied the law to their contract dispute with the appellees, Equilease Financial Services and EQ Transportation. Merits aside, a mistake of law is not a ground for relief under Rule 60(b), and we affirm the judgment of the district court.

In 2004, Conseco Finance Leasing Trust leased two commercial busses to Fincastle Leasing. Guild and Wagner signed guarantees to secure the lease payments. Fincastle Leasing also put up as collateral five vehicles it owned. Conseco delivered the busses to Fincastle Leasing, which (through Guild) certified that the busses were in "good repair and working order" but added as a caveat that exceptions would follow "regarding good repair and good working order." It turned out that the busses required significant repairs and the contract imposed some additional expensive conditions on Fincastle.

EQ Transportation later purchased Conseco's assets, including the lease to Fincastle Leasing. Equilease Financial Services, which owns all of the shares of EQ Transportation, services the lease. In 2005, Equilease Financial Services and EQ Transportation (collectively "Equilease") filed under the diversity jurisdiction a motion for replevin and a complaint alleging that Fincastle Leasing had defaulted on the lease; that Equilease was entitled to immediate possession of the busses and other collateral; and that Wagner, Guild, and Fincastle Leasing owed money damages under the terms of the lease. The defendants counterclaimed that Equilease had breached the contract by delivering busses that were not in good working order, that Equilease had fraudulently induced Fincastle Leasing to accept the inferior busses, and that Equilease had breached both an express warranty and an implied warranty of merchantability.

Equilease moved to dismiss the defendants' counterclaims under Federal Rule of Civil Procedure 12(b)(6). Equilease argued that the lease, which provided that the equipment was accepted "as is" and "with faults," didn't include any warranties. Therefore, there was no claim for fraud and breach-of-contract. In September 2005 the district court dismissed three of the four counterclaims. The court ruled that New York law governed the lease and construed the defendants' claim for breach of the implied warranty of merchantability to include a claim for breach of New York's statutory warranty of serviceability. The court then determined that the warranty of serviceability may not be waived under New York law, and allowed the claim to proceed.

The district court conducted an evidentiary hearing on Equilease's motion for replevin in January 2006. Both parties were present, and the court heard testimony and received exhibits into evidence. The court then issued an order titled "Findings of Fact, Conclusions of Law, Order on Motion for Replevin" in which it directed Fincastle Leasing to relinquish the busses and collateral. Regarding the surviving counterclaim, the court stated:

> In its order on the motion to dismiss Fincastle's counterclaim, the court refused to dismiss Count IV of the counterclaim because it apprehended a possible claim under New York law for a breach of the warranty of serviceability. That was a misapprehension—a combination of inadequate briefing and a misunderstanding of

> the facts. Further research in McKinney's Consolidated Laws of New York shows
> that the warranty of serviceability is not available to the lessee in this case.

The court reasoned that the warranty was not available because, the court said, New York law does not require warranties on vehicles with over 100,000 miles. The court also found that Fincastle Leasing had defaulted on the lease, but noted that further evidence was required to determine Equilease's damages.

Equilease collected its busses and collateral and in 2007 informed the district court that it would seek a deficiency judgment for the remainder owed by the defendants. The court conducted an evidentiary hearing regarding the amount owed in May 2007, but only Equilease appeared. Although the replevined busses had a value of over $200,000, Equilease still claimed a substantial deficiency in the amount Fincastle owed. Fincastle's attorneys did not attend the hearing, and so the court found in favor of Equilease and ordered the defendants to pay $292,118. On May 4, 2007, the court entered final judgment.

Thirty-one days later, the defendants filed a "Motion to Reconsider or in the Alternative to Set Amened [sic] Counterclaim for Hearing." They argued that the district court had never actually dismissed their counterclaim for breach of the implied warranty of serviceability. Alternatively, the defendants argued that the court erred if it did dismiss the counterclaim and should reconsider its ruling. In this motion the defendants cited, for the first time, several sections of the New York Administrative Code. But they did not cite New York Vehicle Law Section § 301(c)(1)(a), defining the warranty of serviceability, nor did they cite any other legal authorities discussing that warranty or its relevance to a lease of used, commercial vehicles. The defendants did not even articulate a legal basis for relief, but the court interpreted their motion as one under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The court then denied the motion, reasoning that a mistake of law is not a valid ground for Rule 60(b) relief. Fincastle Leasing, Guild, and Wagner now appeal from the denial of their Rule 60(b) motion.

Only the district court's decision on the Rule 60(b) motion is properly before us in this case. The defendants raise two intertwined arguments. First, they argue that the district court should have evaluated their postjudgment motion under Rule 60(b)(1), which permits relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." According to the defendants, the district court (or they themselves) made a mistake concerning New York law. Second, the defendants argue that the district court should have granted relief under the "catch-all" provision of Rule 60(b)(6) because, in their view, the court misapplied New York law when it rejected their counterclaim. Both arguments, then, are essentially the same—the judgment entered by the district court on May 4, 2007, was predicated on a mistake of law.

   As a preliminary matter Equilease argues that the defendants cannot now assert their own mistake or excusable neglect under Rule 60(b)(1) because those contentions were not raised in the district court and thus are waived. Equilease is correct. *See Palmer v. Marion County*, 327 F.3d 588, 597-98 (7th Cir. 2003); *Belom v. Nat'l Futures Ass'n*, 284 F.3d 795, 798-99 (7th Cir. 2002). In their Rule 60(b) motion the defendants argued only that the district court had misapplied New York law, not that they had made a mistake or committed excusable neglect. So only the argument about the district court's supposed mistake may be pressed on appeal.

   That argument, whether premised on subsection (b)(1) or subsection (b)(6), is meritless. Legal error is not a ground for relief under Rule 60(b). We review the denial of a Rule 60(b) motion for abuse of discretion and will uphold the ruling unless no reasonable person could have decided it the same way. *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 934-35 (7th Cir. 2000). Rule 60(b) is not intended to correct "mere legal blunders." *See Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000). Rather, it is designed to allow courts to address mistakes attributable to special circumstances, as opposed to Federal Rule of Civil Procedure 59(e), which does allow courts to correct their own errors of law. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A mistake of law should be raised in a timely Rule 59(e) motion or by way of appeal; Rule 60(b) is not a substitute for either. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000)("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997). A court's mistake of law is not a valid ground for a Rule 60(b) motion. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Therefore, the district court did not abuse its discretion in denying the Rule 60(b) motion.

   Moreover, even if the defendants had not waived their argument concerning excusable neglect, that argument is likewise meritless. The defendants conclude that their failure to alert the district court to the appropriate sections of the New York Administrative Code was "excusable neglect" under Rule 60(b)(1) because their lawyer was unfamiliar with New York law. But ignorance of the law is not a ground for a Rule 60(b) motion. *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005); *see also McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) ("This court has held before that neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." (internal quotation marks and citation omitted)).

Fincastle Leasing, Guild, and Wagner have missed their opportunity to raise the merits of their case, and, accordingly, the judgement of the district court is

AFFIRMED.