# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2010

No. 09-30754

Lyle W. Cayce
Clerk

In the Matter of:  CARLA ROBERTS,

Debtor

UNITED STUDENT AID FUNDS INC.; SALLIE MAE GUARANTEE SERVICES, INC.,

Appellants

v.

CARLA ROBERTS,

Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC 6:08-CV-1971

Before KING, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rule 60(b)(3) of the Federal Rules of Civil Procedure allows a party to obtain relief from a judgment that was obtained by fraud, misrepresentation, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30754

other misconduct. FED. R. CIV. P. 60(b)(3). United Student Aid Funds Inc. and Sallie Mae Guarantee Services, Inc., appeal the denial of their Rule 60(b)(3) motion seeking relief from the bankruptcy court's judgment disallowing their proof of claim against Carla Roberts, an individual debtor. After reviewing the briefs and the record, we affirm for essentially the reasons given by the district court in its careful and thoughtful opinion, *U.S. Aid Funds, Inc. v. Roberts*, Civ. No. 08-1971, 2009 WL 2222943 (W.D. La. July 24, 2009).

## I. BACKGROUND

This case centers on a student loan incurred by the debtor, Carla Roberts, from United Student Aid Funds, Inc. (USA Funds). The debt is evidenced by a promissory note signed in 1991 when Roberts consolidated and refinanced her debts. In 2001, Roberts applied for a second consolidation. Sallie Mae Guarantee Services, Inc. (Sallie Mae), the servicer of the debt, processed that application and obtained payment from a third-party purchaser of the debt; at that point, Sallie Mae stamped the promissory note, "PAID IN FULL," and forwarded paperwork to Roberts for completion. Roberts then changed her mind, however, and insisted that the consolidation be reversed. Sallie Mae complied, but the stamp remained on the promissory note. Later that year, Roberts requested a copy of the promissory note, which Sallie Mae furnished.

In 2004, Roberts filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana. In her bankruptcy schedules, she listed USA Funds as a creditor with a claim in the amount of $91,001.38. Shortly thereafter, Sallie Mae filed a proof of claim on behalf of USA Funds, listing an amount of $92,665.57. Roberts's case was later converted to a liquidation under Chapter 7. On March 24, 2006, Roberts filed an objection to Sallie Mae's proof of claim, alleging that she had already paid more than $50,000 on the underlying debt. After a hearing, the bankruptcy court granted Roberts's objection and disallowed Sallie

2

No. 09-30754

Mae's proof of claim; however, the court vacated its order when Sallie Mae explained that it did not receive notice of either the objection or the hearing.

A hearing on the objection was scheduled for May 1, 2007, but it was continued until July 10, 2007, on Sallie Mae's motion. In the interim, on June 20, 2007, Roberts requested discovery from Sallie Mae, including interrogatories, requests for production, and requests for admission, seeking proof of the correct amount of the debt owed. The hearing was continued again until July 31, 2007. Sallie Mae failed to respond to the interrogatories or the requests for admission, but it produced some documents at the hearing. Because the time for responding had passed, Sallie Mae was deemed to have admitted the requests for admission, including that the debt owed by Roberts to USA Funds was paid in full.

At the July 31 hearing, the bankruptcy court was presented with several documents relating to Sallie Mae's proof of claim that conflicted drastically regarding the amount owed on the debt. Sallie Mae presented only a spreadsheet with Roberts's name on it; the highest figure on the spreadsheet was $64,698.37. Sallie Mae did not present a promissory note evidencing the debt. Roberts presented, without objection, the following documents: the promissory note marked "PAID IN FULL"; a document entitled "Statement of Purchased Account" that listed a balance due of $109,403.62; a letter from Sallie Mae to Roberts dated December 6, 2001, stating that no payments had been made; and a credit report on Roberts dated December 20, 2006, that listed Sallie Mae as a creditor, the original amount of the debt as $51,182, the recent balance as "NA," and a "Creditor's Statement" that the "Debt [was] being paid through insurance." At the time, neither Roberts nor counsel for either side explained why the promissory note was stamped "PAID IN FULL."

After taking the matter under advisement, the bankruptcy court granted Roberts's objection and disallowed Sallie Mae's proof of claim. The bankruptcy court elected not to rely on Sallie Mae's deemed admission that the debt had

3

been paid in full but instead held that Sallie Mae had failed "to do what, in this Court's view, is a pretty basic task of providing the documents that support its [proof of] claim." Sallie Mae filed a notice of appeal to the district court, but it voluntarily withdrew that appeal when Roberts objected to it as untimely. The bankruptcy court subsequently granted Sallie Mae's motion to reopen Roberts's bankruptcy case and considered Sallie Mae's motion for relief from judgment under Rule 60(b)(3).[1]

The bankruptcy court held a hearing on the motion, at which Sallie Mae asserted that Roberts, through omission and silence, had misrepresented that the note had been paid in full or transferred to another lender. After taking the matter under advisement, the bankruptcy court denied Sallie Mae's motion. The bankruptcy court pretermitted discussing whether Roberts had committed fraud, misrepresentation, or other misconduct, and held that Sallie Mae had failed to establish the requisite prejudice to warrant relief under Rule 60(b)(3). On appeal, the district court affirmed, finding that Sallie Mae's arguments on appeal "ignore[d] the essential conclusion reached by the Bankruptcy Judge, . . . that—*the circumstances of the Promissory Note notwithstanding*—Sallie Mae failed to prove the elements of its claim and its rights to recover the amounts it alleged were due." *U.S. Aid Funds*, 2009 WL 2222943, at *11. The district court continued:

> Significantly, it appears the sole and only issue for the Bankruptcy Court's consideration at the July 31, 2007 hearing was the presentation of Sallie Mae's evidence to prove its claim. Yet, in spite of all of its foregoing failures to cooperate in the discovery process—*including a prior dismissal of its claim against the debtor for failure to respond to Ms. Roberts's objection*—Sallie Mae chose to

---

[1] Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). Subject to exceptions not applicable here, Rule 60 applies in bankruptcy cases. FED. R. BANKR. P. 9024.

present its case against Ms. Roberts without a witness and without providing responses to discovery. At that hearing, Sallie Mae also chose to proceed without its own copy of the Promissory Note, instead relying on Ms. Roberts to introduce her copy of the Note. . . . What is clear to this Court is that Sallie Mae's current argument that it could not accurately present its case to the Bankruptcy Court because of Ms. Roberts's alleged actions is meritless. . . .

*Id.* Sallie Mae timely appealed the district court's judgment.

## II. DISCUSSION

We review the bankruptcy court's denial of a Rule 60(b) motion as the district court did, for abuse of discretion. *Pettle v. Bickham* (*In re Pettle*), 410 F.3d 189, 191 (5th Cir. 2005). "Under this standard, 'it is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion.'" *Id.* (alteration omitted) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)). "We apply this deferential standard 'to ensure that [Rule] 60(b) motions do not undermine the requirement of a timely appeal.'" *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 770 (5th Cir. 1995) (quoting *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200–01 (5th Cir. 1990)); *cf. United Student Aid Funds, Inc. v. Espinosa*, 78 U.S.L.W. 4207, 4210 (U.S. Mar. 23, 2010) ("[A] motion under Rule 60(b)(4) [for relief on the grounds that the judgment is void] is not a substitute for a timely appeal.").[2] Factual findings underlying a ruling on a Rule 60(b) motion are reviewed for clear error, *see Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 118 (5th Cir. 2008), *cert. denied sub nom. Felderhof v. Jenkens & Gilchrist*, 129 S. Ct. 1585 (2009), while questions of law are reviewed de novo, *Frazar v. Ladd*, 457 F.3d 432, 435 (5th Cir. 2006) (citing *Ran–Nan, Inc. v. Gen. Accident Ins. Co. of Am.*, 252 F.3d 738, 739 (5th Cir. 2001) (per curiam)).

---

[2] Although it does not affect our disposition, we note that Sallie Mae sought Rule 60(b)(3) relief shortly after Roberts objected to its direct appeal as untimely filed.

Rule 60(b)(3), applicable to bankruptcy cases through Bankruptcy Rule 9024, permits a court to provide relief from a final judgment obtained through fraud, misrepresentation, or other misconduct by an opposing party. FED. R. CIV. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Gov't Fin. Servs. One*, 62 F.3d at 772). "Rule 60(b)(3) 'is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.'" *Id.* (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)). We agree with the conclusions of both the bankruptcy court and the district court that Sallie Mae has failed to show that it was prevented from fully and fairly presenting its case.

We find our decision in *Diaz v. Methodist Hospital*, 46 F.3d 492 (5th Cir. 1995), to be instructive. In that case, Diaz—who was injured in a car crash—sued a hospital and treating physicians for medical malpractice. *Id.* at 494. During trial, the defendant physicians testified that a particular laboratory test was unavailable during weekends. *Id.* at 494–95. Following a jury verdict for the defendants, Diaz obtained an affidavit from another doctor that such testing was indeed available during weekends, and she moved for relief from judgment, claiming that the defendants' testimony amounted to perjury. *Id.* at 495. Assuming, *arguendo*, that Diaz's assertions of perjury were true, we held that she was not prevented from fully and fairly presenting her case:

> In the case at hand, [Diaz] had independent access to information concerning the availability of [the laboratory] testing . . . . [The post-trial] affidavit proves that this information was not under the exclusive control of the [physicians]. It is likely that a more focused effort by [Diaz] could have uncovered this evidence prior to trial.

*Id.* at 497; *see also Williams v. Thaler*, — F.3d —, 2010 WL 1039450, at *17 (5th Cir. Mar. 23, 2010) (concluding that a prisoner was not prevented from fully and

No. 09-30754

fairly presenting his case where the prosecution withheld subpoenas requesting documents to which "Williams had equal—if not greater—access").

The concerns at issue in *Diaz* apply with equal force here. Sallie Mae had independent access to the promissory note,[3] and a cursory glance at the promissory note would have revealed the "PAID IN FULL" stamp. During its appeal to the district court and to this court, Sallie Mae has had no trouble explaining the circumstances surrounding the stamp, but it has not offered a satisfying excuse for its inability to present the same explanation to the bankruptcy court at the hearing on July 31, 2007—a hearing convened for the very purpose of determining the validity of the proof of claim for the debt evidenced by the promissory note. We have little trouble concluding that Sallie Mae was not prevented from fully and fairly presenting its case at that hearing, and we agree with the district court that the bankruptcy court did not abuse its discretion in denying Sallie Mae's Rule 60(b)(3) motion.[4]

---

[3] Indeed, Roberts had a copy of the promissory note bearing the "PAID IN FULL" stamp only because Sallie Mae furnished it to her.

[4] Sallie Mae presents several additional arguments, none of which has any merit.

First, Sallie Mae urges that Roberts's introduction of the promissory note constituted assertion of the affirmative defense of accord and satisfaction outside of a responsive pleading, in violation of Rule 8. Regardless of whether Roberts asserted such an affirmative defense, the bankruptcy court's determination was not that the debt was satisfied but that Sallie Mae had failed to adduce sufficient proof of the validity of its proof of claim.

Second, Sallie Mae argues that Roberts violated her duty of candor as a debtor by not alerting the bankruptcy court to the circumstances of the "PAID IN FULL" stamp. The cases cited in support deal with a debtor's duty to be forthright in disclosing assets, *see, e.g.*, *Browning Mfg. v. Mims* (*In re Coastal Plains, Inc.*), 179 F.3d 197, 207–08 (5th Cir. 1999), and we question the logic of requiring a debtor to prove its creditor's proof of claim when the Bankruptcy Code permits the debtor to file an objection to that proof of claim, *see* 11 U.S.C. § 502. More importantly, we note that the relevant information was equally within Sallie Mae's possession, and it was therefore not prevented from fully and fairly presenting its case.

Third, Sallie Mae claims that the bankruptcy court relied on an erroneous belief that the promissory note had been entered in the bankruptcy court's records prior to the hearing on July 31, 2007. Sallie Mae failed to raise this argument on appeal to the district court, and we do not consider it now. *See Bradley v. Ingalls* (*In re Bradley*), 501 F.3d 421, 433 (5th Cir.

7

No. 09-30754

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court, which affirmed the judgment of the bankruptcy court, is AFFIRMED.

---

2007) ("Even if an issue is raised and considered in the bankruptcy court, this court will deem the issue waived if the party seeking review failed to raise it in the district court." (citing *Rush Truck Ctrs. of Tex. L.P. v. Bouchie* (*In re Bouchie*), 324 F.3d 780, 782 n.6 (5th Cir. 2003) (per curiam); *United States v. Olson*, 4 F.3d 562, 567 (8th Cir. 1993))).

Finally, Sallie Mae asserts that the bankruptcy court ignored the equities in opting for the interests of finality. Balancing the equities in deciding a Rule 60(b)(3) motion is within the sound discretion of the lower court, *see Seven Elves*, 635 F.2d at 401–02 (explaining that balancing the interests of finality and justice under Rule 60(b) is within the lower court's exercise of discretion), and our review of the record reveals that the bankruptcy court did not abuse that discretion in reaching its balance.