**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 15, 2007**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))

No. 06-10286
Summary Calendar

)))))))))))))))))))))))))))

JOHN DAVID CASTLEBERRY,

        Plaintiff-Appellant,

   v.

CITIFINANCIAL MORTGAGE COMPANY INC., also known as
Citifinancial Inc., also known as Associates Financial Services
Company of Texas Inc., also known as Citigroup;
CITIFINANCIAL, INC.,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-0004

---

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Before us is an appeal by Plaintiff-Appellant John David
Castleberry ("Castleberry") of the district court's order
dismissing his complaint without prejudice after Castleberry
failed to timely file an amended complaint as ordered by the
district court. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2006, Castleberry, proceeding pro se, filed a complaint in federal district court against various CitiFinancial entities ("CitiFinancial"). Castleberry's complaint concerned the pending foreclosure by CitiFinancial on some property owned by Castleberry. The complaint itself was thirty-five pages long, referenced cases from Connecticut, Florida, Hawaii, Texas, and various bankruptcy courts, cited to statutes out of Florida and Texas, and appeared to seek relief under the common law, as well a variety of federal statutes and regulations. On the same day he filed his complaint, Castleberry requested a temporary restraining order ("TRO") to prevent the foreclosure of his property and his subsequent eviction.

Later that day, the district court held a telephone conference to consider the TRO. As a result of the conference, the district court denied Castleberry's request for a TRO, dismissed all CitiFinancial defendants except for CitiFinancial Mortgage Company, Inc. and CitiFinancial, Inc., and gave CitiFinancial twenty days to move for summary judgment. By separate order on January 6, 2006, the district court also ordered Castleberry to file an amended complaint in keeping with Rule 8 of the Federal Rules of Civil Procedure. The order stated that this was to enable the district court to understand the precise nature of Castleberry's claims. The order also cautioned

Castleberry under Rule 11 to refrain from making frivolous claims and to limit his claims to the two remaining defendants. Relevant to this appeal, the order stated as follows:

> The court ORDERS that by 2:00 p.m. on January 17, 2006, [Castleberry] file with the clerk an amended complaint
>
> . . .
>
> The court cautions [Castleberry] that if he fails to strictly comply with the directives of this order he is at risk that his complaint will be dismissed without further notice.

Castleberry did not file an amended complaint on January 17, 2006, so on January 18, 2006, the district court dismissed Castleberry's claims without prejudice for failing to comply with the district court's January 6 order. The district court also entered a final judgment to that effect. Castleberry contends that he mailed his amended complaint on January 17, 2006, "postmarked January 18, 2006," and that it was received by the clerk's office on January 20, 2006. The record reflects that the clerk's office did receive the amended complaint on January 20, but refused to file it, citing the district court's earlier order, and returned it to Castleberry.

On February 16, 2006, Castleberry filed a motion for reconsideration based on Rules 59 and 60 of the Federal Rules of Civil Procedure. The district court denied Castleberry's motion on February 17, 2006. Castleberry then filed his appeal on March 16, 2006.

## II. JURISDICTION

CitiFinancial contends that, while this court has jurisdiction to consider the district court's February 17 order on Castleberry's motion for reconsideration, this court lacks jurisdiction to review the district court's January 18 order and judgment because they were not timely appealed.  We agree.

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure states that a notice of appeal must be filed within thirty days after the judgment or order appealed from is entered.  This time limit is mandatory and jurisdictional.  See Smith v. Smith, 145 F.3d 335, 339 (5th Cir. 1998).  The thirty-day period may be extended, however, by a timely motion to alter or amend judgment under Rule 59 or a motion for relief under Rule 60 filed within ten days of the judgment.  FED. R. APP. P. 4(a)(4)(A).

Here, Castleberry filed a motion for reconsideration on February 16, 2006, premised on Rules 59 and 60.  However, because this motion was not filed within ten days of the district court's judgment on January 18, it was untimely under Rule 59(e).  See FED. R. CIV. P. 59(e) (requiring motions to alter or amend judgment to be filed within ten days of the judgment).  Similarly, treating Castleberry's motion for reconsideration as a motion under Rule 60 affords him no relief, since a Rule 60 motion must also be filed within ten days of the judgment in order to extend the time to appeal.  See FED. R. APP. P.

4

4(a)(4)(A)(vi). Therefore, Castleberry's time to appeal the January 18 order and judgment was not extended, and his appeal on March 16, 2006, was untimely as to those actions by the district court.[1]

Castleberry's appeal was timely, however, with respect to the district court's order of February 17 denying Castleberry's motion for reconsideration, and the court will now consider the merits of Castleberry's arguments.

### III. DISCUSSION

A. Rule 59

Castleberry's motion for reconsideration was premised, in part, on Rule 59 of the Federal Rules of Civil Procedure, which permits a party to file a motion to alter or amend a judgment. A party has ten days from the entry of judgment to file post-trial motions under Rule 59. FED. R. CIV. P. 59(e); U.S. Leather, Inc. v. H&W P'ship, 60 F.3d 222, 225 (5th Cir. 1995). This ten-day period is jurisdictional and may not be extended by agreement of the parties or a rule of the district court. U.S. Leather, 60 F.3d at 225. Here, Castleberry filed his motion for reconsideration under Rule 59 on February 16, 2006, twenty-nine days after the district court's entry of judgment and well

---

[1] This untimeliness precludes us from considering Castleberry's arguments that the district court's January 6 order (which formed the basis of the January 18 order) was unwarranted and that the order did not give him a sufficient amount of time to respond.

5

outside the ten-day period specified in Rule 59. Therefore, the district court lacked jurisdiction to grant relief under Rule 59 and did not err in denying Castleberry the relief he requested under Rule 59. See Vincent v. Consol. Operating Co., 17 F.3d 782, 785 (5th Cir. 1994) (per curiam) ("The district court is powerless to rule on an untimely Rule 59(e) motion.").

## B.    Rule 60

Castleberry's motion for reconsideration also claimed relief by way of Rule 60 of the Federal Rules of Civil Procedure. We review the denial of a motion for relief under Rule 60(b) for an abuse of discretion. Patterson v. Mobil Oil Corp., 335 F.3d 476, 486 (5th Cir. 2003).

### 1.    Legal Standard

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). While this rule is to be liberally construed to do substantial justice, a court should not lightly reopen a final judgment. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981). Pursuant to Rule 60, a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Rule 60(b)(6) also permits relief for "any other reason justifying relief from the operation

6

of the judgment."  Although Castleberry's motion for reconsideration did not specify clauses (1) and (6) of Rule 60(b), these are the only two clauses in Rule 60(b) that possibly pertain to Castleberry's arguments.  Therefore, we consider Castleberry's arguments under Rule 60(b)(1) and 60(b)(6).

With respect to Rule 60(b)(1), this court has held that it is not an abuse of discretion to deny relief when the proffered justification is the "inadvertent mistake" of counsel.  Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993).  Indeed, "[g]ross carelessness, ignorance of the rules, or ignorance of the law" are insufficient bases for Rule 60(b)(1) relief.  Id. at 357.  Further, we have stated that it would be an abuse of discretion for a district court to grant relief on the sole basis of counsel's carelessness with or misapprehension of the laws.  Id.  To the extent the "mistake" is one by the court, we have held that a plaintiff's claim of "mere legal error" does not warrant Rule 60(b)(1) relief.  McMillan v. Mbank Fort Worth, N.A., 4 F.3d 362, 367 (5th Cir. 1993).  In such a situation, a plaintiff is to pursue an appeal.  Id.

Rule 60(b)(6) authorizes relief for any reason other than those listed in clauses (b)(1) through (b)(5).  U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005).  Relief, however, is appropriate only in an "extraordinary situation" or when "extraordinary circumstances are present."  Id. (internal citations and quotation marks omitted).  With these

7

standards in mind, we turn to Castleberry's arguments.

## 2. Analysis

Castleberry's main argument on appeal is that the district court should have applied Rule 6(e) to extend his time for filing his amended complaint to January 20, 2006. Rule 6(e) states that "[w]henever a party must or may act within a prescribed period after service" and service is made by mailing, "3 days are added after the period would otherwise expire . . . ." It is unclear whether Castleberry believes that three days should be added because the district court's January 6 order was mailed to him or because he mailed his amended complaint to the district court. Either argument misconstrues the effect of Rule 6(e) in these circumstances.

First, the fact that the district court's January 6 order was mailed to Castleberry does not entitle him to an extra three days to respond. A distinction must be made between orders that require actions within a certain time after service--for example "within thirty days after service"--and orders that set specific deadlines--such as "January 17, 2006." In the case of the first example, three days would be added by Rule 6(e) because action was required "within a prescribed time after service." In the second example, three days are not added because there is a set deadline with a specific date. Here, Castleberry's amended complaint was not due a period of days "after service" of the

8

district court's order.  Rather, the amended complaint was explicitly due on January 17, 2006.  Consequently, Rule 6(e) does not make Castleberry's amended complaint timely.

Second, to the extent that Castleberry contends that Rule 6(e) applies because he mailed his amended complaint to the court, his argument is also without merit.  The specific wording of the January 6 order required Castleberry to *file* his complaint by January 17--not mail it.  Rule 5(e) of the Federal Rules of Civil Procedure defines "filing" as actually filing the papers with the clerk of the court.  Castleberry failed to file his amended complaint with the clerk by January 17, 2006, and, as a result, did not meet the district court's deadline.

Given the requirements for relief under Rule 60(b)(1) and (b)(6), Castleberry's misunderstanding of the effect of Rule 6(e) does not provide a sufficient basis for relief.  See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 880 (5th Cir. 1998) (stating counsel's confusion regarding Rule 6(e) did not constitute "excusable neglect").  Although Castleberry is proceeding pro se, the district court's order could not have been clearer as to when he was required to file his amended complaint with the clerk's office.  Consequently, the district court did not abuse its discretion in denying Castleberry's motion for reconsideration on that ground.

Castleberry's other argument is essentially an appeal to the

9

court's sense of justice based on Castleberry's good faith in attempting to comply with the district court's order. This is insufficient to entitle Castleberry to Rule 60(b) relief. As a result, we hold that the district court did not abuse its discretion in denying Castleberry's motion for reconsideration.

## IV. CONCLUSION

For the reasons above, we affirm the judgment of the district court.

AFFIRMED.