

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# Scheibler v. Highmark Blue Shield

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1277

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Scheibler v. Highmark Blue Shield" (2007). *2007 Decisions.* Paper 1010.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1010

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1277
_____

DONNA SCHEIBLER,

Appellant

v.

HIGHMARK BLUE SHIELD,
and jointly, separately, or severally;
KEYSTONE HEALTH PLAN WEST, INC.,
d/b/a Security Blue
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cv-01551)
District Judge:  Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before:  FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed:  June 5, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Donna Scheibler ("Scheibler") brought suit in a Pennsylvania state court against Highmark Blue Shield and Keystone Health Plan West, Inc. (collectively "Defendants") for claims related to the alleged denial of certain health care benefits to which she claimed her husband was entitled under her health care plan. The Defendants removed the case to the United States District Court for the Western District of Pennsylvania, which dismissed the complaint in its entirety as completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S. C. §§ 1001, *et seq*. For the reasons that follow, we will affirm the judgment of the District Court.

## I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On December 23, 2004, the Scheiblers filed a complaint in the United States District Court for the Western District of Pennsylvania against Highmark Blue Shield asserting claims for health care benefits under ERISA, and for bad faith denial of insurance under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371. The complaint alleged that Mr. Scheibler was improperly denied health benefits as a beneficiary of his wife's health care benefits plan, and sought to recover from Highmark damages they suffered as a result of the denial – namely, having to pay for Mr. Scheibler's medical procedure out-of-pocket. On February 1, 2005, the District

Court dismissed the Scheiblers' bad faith claim, holding that it was preempted under §§ 502(a) and 514(a) of ERISA.[1]

Subsequently, on October 17, 2005, Scheibler filed a five-count complaint against Highmark Blue Shield and Keystone Health Plan West, Inc. in the Court of Common Pleas of Westmoreland County, Pennsylvania. This action asserted claims for specific performance, "dereliction of a duty to deal in good faith," bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371, unjust enrichment, and violation of Pennsylvania's Unfair Trade Practices Act. On November 7, 2005, the Defendants in this state court action removed the case to the United States District Court for the Western District of Pennsylvania on the grounds of complete ERISA preemption. Scheibler never filed a motion to remand the matter to state court. On November 16, 2005, the Defendants filed a motion to dismiss the complaint on the grounds of ERISA preemption. After Scheibler failed to respond to this motion, the District Court entered an order granting the motion to dismiss on December 21, 2005. This appeal followed.

## II.

We exercise jurisdiction over this case under 28 U.S.C. § 1291. Our review of the District Court's exercise of jurisdiction is plenary, as is our review of the District Court's order granting dismissal based on ERISA preemption. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 268 (3d Cir. 2001). When considering whether the District Court

---

[1]As of the filing of this appeal, the ERISA action was still proceeding in the District Court.

3

properly granted a motion to dismiss, "we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III.

The crux of Scheibler's appeal is that the District Court lacked jurisdiction over this case and improperly determined that her claims were preempted by ERISA. We disagree. "Under the 'well-pleaded complaint' rule, federal question jurisdiction only exists where an issue of federal law appears on the face of the complaint. However, there is an exception to this rule: when a purportedly state-law claim 'comes within the scope of [an exclusively] federal cause of action,' it 'necessarily "arises under" federal law,' and is completely preempted." *DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 445-46 (3d Cir. 2003) (quoting *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983)).

Under this exception, we have consistently held that a plaintiff's state law claims are preempted by ERISA if "the claim 'could have been the subject of a civil enforcement action under § 502(a).'" *Id.* at 446 (quoting *Pryzbowski*, 245 F.3d at 273). That section allows civil actions "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Thus, we have explained that "challenges [to] an administrative decision regarding whether a certain benefit is covered

4

under an ERISA plan" are completely preempted by ERISA.[2] *DiFelice*, 346 F.3d at 446.
In addition, a state law claim is preempted under § 514(a) of ERISA if the state law
giving rise to the claim "relates" to the benefit plan in that "it has a connection with or
reference to such a plan," even if the law is not specifically designed to affect employee
benefit plans. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

In this case, all of Scheibler's claims are directed at the Defendants' decision not
to cover certain treatment for her husband, and are thus completely preempted by
§§ 502(a) and 514(a) of ERISA. Although Scheibler likely waived any argument to the
contrary by failing to file an opposition to the Defendants' motion to dismiss, it is clear
that her claims are preempted. Count I of the complaint asks that the "defendant[s] be
ordered to specifically perform [their] agreement to authorize payment of all medical
expenses related to the claim." This, of course, clearly seeks to recover benefits due
under an employee benefit plan and is thus preempted by ERISA. *See Pane v. RCA
Corp.*, 868 F.2d 631, 635 (3d Cir. 1989). Counts II and III both attempt to state claims
under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371. However, we

---

[2]Scheibler's argument that the employee benefit plan at issue is not an ERISA "plan" is without merit. In addition to the fact that such an argument was never raised below, an employee welfare benefit plan is essentially "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1)(A). The plan in this case clearly meets this definition, and Scheibler has advanced no colorable argument to the contrary.

have explicitly held that actions under section 8371 are preempted by ERISA. *See Barber v. Unum Life Ins. Co. of America*, 383 F.3d 134, 140-41 (3d Cir. 2004). Count IV asserts a claim for unjust enrichment, which clearly turns on whether or not the Defendants should have covered Mr. Scheibler's surgery. As such, this claim is also preempted by ERISA. *See DiFelice*, 346 F.3d at 446. Finally, Count V of Scheibler's complaint charges the Defendants with violating Pennsylvania's Unfair Trade Practices Act. Because this claim "relates to" an employee benefit plan, it is expressly preempted by § 514(a) of ERISA. *See Pilot Life Ins. Co.*, 481 U.S. at 47; *Murphy v. Metro. Life Ins. Co.*, 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001). Thus, not only did the District Court here have subject matter jurisdiction, but it properly determined that Scheibler's claims were preempted by ERISA.

We similarly find that Scheibler's arguments regarding lack of notice of removal and other so-called "procedural defects" are without merit. The Notice of Removal provided by the Defendants contains a Certificate of Service indicating that Scheibler's counsel was served with the Notice.[3] Indeed, the record contains evidence that the District Court called Scheibler's attorney to inquire about the removal. In addition, Scheibler was in no way prejudiced by the Defendants' failure to file a Disclosure

---

[3]We also find no merit to Scheibler's complaints regarding defects in the civil cover sheet the Defendants filed with the Notice of Removal. "The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989).

6

Statement under Federal Rule of Civil Procedure 7.1. Such statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case. There is no indication that the District Judge in this case had any financial stake in the Defendant corporations that would require recusal, and indeed the same District Judge was presiding over the ERISA action between these parties when the Notice of Removal was filed. As such, we conclude that there is no merit to any of the arguments advanced by the Appellant in this appeal.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.