# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

No. 21-10016

Meher Razvi,

*Plaintiff—Appellant*,

*versus*

Dallas Fort Worth International Airport; Spirit
Airlines, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1225

Before Richman, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

Per Curiam:*

Meher Razvi appeals the district court's dismissal of his case and denial of his motion for relief from judgment on the grounds of excusable neglect pursuant to Federal Rule of Civil Procedure 60(b)(1). Razvi has

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10016

demonstrated there was no danger of unfair prejudice, the length of delay caused by his filing error did not adversely affect the proceedings, and while the reason for the delay, a calendaring error, was well within the reasonable control of Razvi's counsel, it did not appear to be in bad faith. Moreover, there has been no trial on the merits in this case and the dismissal by the district court precludes such consideration. Accordingly, we reverse the district court's denial of Razvi's motion for relief from judgment.

## I

This case concerns a slip and fall accident in the Spirit Airlines, Inc. (Spirit) terminal at the Dallas Fort-Worth International Airport (DFW Airport). On January 17, 2020, Razvi filed an original petition in the 141st Judicial District Court of Tarrant County, Texas against DFW Airport, City of Dallas, City of Fort Worth, and Spirit alleging negligence and premises liability under the Texas Tort Claims Act and *respondeat superior*. Razvi subsequently nonsuited his claims against City of Dallas and City of Fort Worth. On June 8, 2020, Spirit filed its original answer. On November 9, 2020, Spirit filed a motion to designate DFW Airport as a responsible third party. On November 10, 2020, Spirit filed its notice of removal pursuant to 28 U.S.C. §§ 1332 and 1441 with the District Clerk of the United States District Court for the Northern District of Texas and a certificate of interested persons naming Razvi as an interested person.

On December 10, 2020, the district court dismissed Razvi's case for failure to timely file a certificate of interested persons as required by

2

No. 21-10016

Northern District of Texas Local Rule 3.1[1] and 81.2[2] and Federal Rule of Civil Procedure 7.1,[3] which was due on December 1, 2020.  The order stated that the district court "requires that litigants exercise strict compliance with the Rules."  On the same day, the district court issued a final judgment pursuant to Rule 58.

On December 31, 2020, Razvi then filed his certificate of interested persons in addition to a motion for relief from judgment on the grounds of excusable neglect pursuant to Rule 60(b)(1).  Razvi's counsel alleged that the deadline for filing the certificate of interested persons had "inadvertently not been added" to her calendar by her legal assistant which caused the failure to timely file.  On January 4, 2021, the district court denied Razvi's motion. Razvi then timely filed his notice of appeal.

## II

Razvi first argues that the district court's denial of his motion for relief from judgment pursuant to Rule 60(b)(1) was reversible error, because his counsel's calendaring error was "excusable" under the *Pioneer* factors delineated by the Supreme Court.[4]  We review a denial of a motion for relief from judgment under an abuse of discretion standard.[5]  "[T]he decision to

---

[1] *See* N.D. Tex. L.R. 3.1 ("The complaint must be accompanied by . . . a separately signed certificate of interested persons . . . .").

[2] *See* N.D. Tex. L.R. 81.2 ("Within 21 days after the notice of removal is filed, the plaintiff shall file a separately signed certificate of interested persons . . . .").

[3] *See* Fed. R. Civ. P. 7.1 ("A nongovernmental corporate party must file 2 copies of a disclosure statement . . . with its first appearance, pleading, petition, motion, response, or other request addressed to the court . . . .").

[4] *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[5] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion."[6]

## A

Rule 60(b)(1) provides that a court may relieve a party from a final judgment, order, or proceeding on the grounds of excusable neglect.[7] The Supreme Court has elaborated on the meaning of "excusable neglect," emphasizing that the determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[8] In *Pioneer*, the Court stated that, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[9] This includes situations "in which the failure to comply with a filing deadline is attributable to negligence."[10] A party's failure to comply, however, must be excusable and clients are accountable for the acts and omissions of their attorneys.[11]

The Court reviewed four factors in determining whether neglect was excusable under the circumstances: (1) the danger of prejudice to the opposing party, (2) the length of delay, (3) the reason for the delay, including whether it was beyond the reasonable control of the movant, and (4) whether

---

[6] *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

[7] FED. R. CIV. P. 60(b)(1).

[8] *Pioneer*, 507 U.S. at 395.

[9] *Id.* at 388.

[10] *Id.* at 394.

[11] *Id.* at 395-97.

No. 21-10016

the delay was made in good faith.[12]  The district court need not rigorously apply each of these factors in every case but should take them into account when making its determination.[13]

**1**

The first factor the Supreme Court considers is the danger of prejudice.[14]  Razvi argues that there was no danger of prejudice to Spirit created by the failure to file his certificate of interested persons within twenty-one days, because the rule is merely intended to provide financial information for the judge to determine whether recusal is required based on the judge's financial interest.  In *Scheibler v. Highmark Blue Shield*,[15] the Third Circuit concluded that, "Scheibler was in no way prejudiced by the Defendants' failure to file a Disclosure Statement under Federal Rule of Civil Procedure 7.1.  Such statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case."[16]  Razvi points out that Spirit was unopposed to his Rule 60(b) motion and did not file a response objecting to the motion.

Spirit contends, correctly, that lack of severe prejudice does not necessarily convert neglect into "excusable neglect."  In *Halicki v. Louisiana*

---

[12] *Id.* at 395; *see also Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008) (outlining the *Pioneer* factors).

[13] *See Silvercreek Mgmt.*, 534 F.3d at 472 ("Silvercreek incorrectly contends that the district court must rigorously apply each of these [*Pioneer*] factors in every case.").

[14] *Pioneer*, 507 U.S. at 395.

[15] 243 F. App'x 691 (3rd Cir. 2007).

[16] *Id.* at 694.

*Casino Cruises, Inc.*,[17] Halicki's counsel incorrectly thought that "the three-day mail service provisions of [Rule] 6(e) applied to enlarge the ten days he otherwise would have from the entry of final judgment to file a [R]ule 59(e) motion."[18] Unaware that the rule plainly rejects the applicability of Rule 6(e) to Rule 59(e), "the attorney waited until the tenth day to mail the [R]ule 59(e) motion, causing it to arrive at the district court two days late."[19] "Halicki moved for enlargement of time for filing a notice of appeal . . . because of 'excusable neglect' in misconstruing [R]ule 6(e)."[20] Looking at the first *Pioneer* factor, we stated that a showing that the defendant would suffer no prejudice alone did not mean that the district court abused its discretion in determining that such neglect was not "excusable neglect."[21]

Even though the absence of prejudice is not in itself determinative, a district court must still consider it in relation to the other factors and surrounding circumstances.

**2**

The second factor is the length of the delay and its impact on the judicial proceeding.[22] Razvi argues that the "requested relief and any resulting delays would not have adversely impacted the proceedings," because he filed his motion for relief and certificate of interested persons only twenty-one days after the district court's order of dismissal. He emphasizes that prior to this matter being removed to federal court, discovery was

---

[17] 151 F.3d 465 (5th Cir. 1998).

[18] *Id.* at 467.

[19] *Id.* (emphasis omitted).

[20] *Id.*

[21] *Id.* at 469 n.4.

[22] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

ongoing in the state court proceeding. Additionally, the case was dismissed within only thirty days of being removed to federal court.

Any resulting impact on the judicial proceedings likely would have been minimal given the short time frame between the removal, the missed deadline, and the subsequent filing. Like the first factor, a district court should consider this lack of prejudice in connection with the other factors.

**3**

The third factor a court must consider is the reason for the delay, including whether it was within the reasonable control of the movant.[23] Razvi argues that his attorney did not file the required documentation because his attorney's legal assistant inadvertently failed to calendar the deadline. Razvi cites to various cases from this circuit and other circuits for the proposition that calendaring errors can constitute excusable neglect in certain circumstances.

In *Pincay v. Andrews*,[24] the Ninth Circuit upheld the exercise of the district court's discretion to permit the filing of a notice of appeal despite the attorney missing the filing deadline because a paralegal misread the rule.[25] The court affirmed the district court's ruling that the neglect was excusable concluding that three of the four *Pioneer* factors slanted in the plaintiff's favor.[26] There was no prejudice, the length of delay was minimal, and there was no evidence of bad faith.[27] The only factor that counseled against a

---

[23] *Id.* at 395.

[24] 389 F.3d 853 (9th Cir. 2004).

[25] *Id.* at 855, 860.

[26] *Id.* at 859.

[27] *Id.*

conclusion of excusable neglect was the reason for the delay, which was counsel's carelessness.[28]

Razvi's reliance on *Pincay*, however, is somewhat problematic. The Ninth Circuit noted that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered" and "the decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court."[29] The court emphasized that "[h]ad the district court declined to permit the filing of the notice, we would be hard pressed to find any rationale requiring us to reverse."[30] The Ninth Circuit's heavy reliance on the district court's discretion emphasizes the caution we must take in second guessing the district court's decision making.

Spirit contends that there is no per se rule that failure to calendar a deadline properly amounts to excusable neglect and cites to numerous cases in which attorneys' misunderstandings of the law were insufficient reasons to justify Rule 60(b) relief. In *In re Pettle*,[31] the creditor voluntarily dismissed his own adversarial action based on a misapprehension of the law.[32] In upholding the bankruptcy court's denial of his motion of relief from judgment, we concluded that nothing in *Pioneer* changes the rule that,

> 'inadvertent mistake'[,] . . . [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . . In fact, a court would abuse its discretion if it were to reopen a case under rule 60(b)(1) when the reason

---

[28] *Id.*

[29] *Id.*

[30] *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

[31] 410 F.3d 189 (5th Cir. 2005).

[32] *Id.* at 193.

asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.[33]

We noted that, "[a]ccordingly, federal courts have consistently applied this principle in refusing to grant a party who voluntarily requests dismissal of a claim to obtain relief from that judgment under Rule 60(b)."[34]   We also determined that it was "particularly significant that by the time Bickham filed his Rule 60(b) motion the time to appeal . . . had long since expired."[35]

In *Castleberry v. CitiFinancial Mortgage Company*,[36] an unpublished Fifth Circuit decision, we concluded that "Castleberry's misunderstanding of the effect of Rule 6(e) does not provide a sufficient basis for relief."[37] Similarly, in *Bohlin*, we determined that the district court did not abuse its discretion in denying Bohlin's motion for relief from judgment when Bohlin's failure to timely file a response to a motion to dismiss was due to "ignorance of local rules or misconstruction of their applicability."[38]

The difference between the cases cited by Spirit and the one before us, however, is that there is no evidence that Razvi's attorney's omission was due to a misunderstanding of the law, ignorance of local rules, gross carelessness, or a deliberate choice.  Counsel did not deliberately act in reliance on an erroneous understanding of the law or rules, rather she mistakenly missed a deadline because of a calendaring error.  We also cannot

---

[33] *Id.* at 192 (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356-57 (5th Cir. 1993)).

[34] *Id.*

[35] *Id.* at 193.

[36] 230 F. App'x 352 (5th Cir. 2007) (per curiam).

[37] *Id.* at 357.

[38] *Bohlin*, 6 F.3d at 357.

say that this error was "gross carelessness" as lawyers often delegate tasks to paralegals and secretaries which "may well ensure greater accuracy in meeting deadlines."[39] We thought it significant in *In re Pettle* that the time to appeal had long passed.[40] Razvi filed his certificate of interested persons only thirty days after the deadline, and he filed his motion for relief within twenty-one days of the dismissal order. This case involves a single calendaring error, not repeated failures to comply with the rules.

This case is similarly distinguishable from *Buckmire v. Memorial Hermann Healthcare System Inc.*, an unpublished Fifth Circuit decision.[41] In *Buckmire*, we concluded that the district court did not abuse its discretion in denying Buckmire's Rule 60(b) motion, because that case involved a failure to file a response to a summary judgment motion.[42] As Razvi points out, a failure to respond to a motion for summary judgment is fundamentally different than a failure to file a certificate of interested persons. Under Rule 56(e)(3), if the nonmovant fails to address the other party's assertion of fact, the court may, "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."[43] When a movant satisfies its burden and the nonmovant does not file a response, the court can

---

[39] *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) ("[T]he delegation of repetitive legal tasks to paralegals has become a necessary fixture.").

[40] *See In re Pettle*, 410 F.3d 189, 193 (5th Cir. 2005); *see also In re Vioxx Prods. Liab. Litig.*, 509 F. App'x 383, 385-87 (5th Cir. 2013) (per curiam) (upholding a district court's denial of plaintiff's Rule 60(b) motion when plaintiff's counsel failed to comply with discovery requirements eight months after the deadline and after the cure period had passed).

[41] 456 F. App'x 431 (5th Cir. 2012) (per curiam).

[42] *See id.* at 432.

[43] Fed. R. Civ. P. 56(e).

No. 21-10016

enter judgment. There is no comparable rule or consequence when a party fails to file a certificate of interested persons.[44]

In conclusion, while a calendaring error is not necessarily a compelling reason for missing a filing deadline, there is also no per se rule that such an error cannot, under certain circumstances, be the basis for Rule 60(b)(1) relief.

**4**

The fourth factor is whether the delay was in good faith.[45] Razvi argues that his counsel's mistake was in good faith. In *United States v. Evbuomwan*,[46] an unpublished Fifth Circuit decision, we upheld a district court's determination that an attorney's good faith misinterpretation of the rules was excusable neglect.[47] There was no indication that the delay prejudiced the government or affected the judicial proceedings.[48] We determined that "the district court did not abuse its discretion by accepting a notice of appeal filed in good [faith], two days late."[49]

Spirit contends that Razvi's counsel displayed signs of bad faith by refusing to accept any responsibility for the mistake and instead, harshly blaming her legal secretary. This argument has no merit. Razvi's counsel was seemingly trying to explain what happened and why she missed the deadline rather than place blame on her legal secretary. Still, only considering the *Pioneer* factors, we would be hesitant to reverse the district

---

[44] *See* N.D. Tex. L.R. 81.2.

[45] *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[46] 36 F.3d 89 (5th Cir. 1994) (unpublished table decision) (per curiam).

[47] *Id.*

[48] *Id.*

[49] *Id.*

No. 21-10016

court's denial of Razvi's motion because of the great discretion we entrust to the district court's decision making on these matters.[50] However, as outlined below, there are other relevant factors we must consider.

## B

This court has also previously delineated relevant propositions that a district court should consider in exercising its discretion in granting or denying a motion under Rule 60(b).[51] These factors include:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.[52]

---

[50] *See Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) ("[T]he decision whether to grant or deny an extension of time to file a notice of appeal should be entrusted to the discretion of the district court . . . ."); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) ("[W]e recognize that the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.").

[51] *See United States v. Gould*, 301 F.2d 353, 356 (5th Cir. 1962).

[52] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *Gould*, 301 F.2d at 355-56).

No. 21-10016

The factor that warrants emphasis in this case is the fifth, which looks at whether there has been consideration of the merits of the case.  The statute of limitations on Razvi's claim expired by the time of the district court's dismissal, effectively transforming the court's dismissal without prejudice into a dismissal with prejudice.  The denial of the motion precluded consideration of the merits of the case.

While finality of judgments serves a useful purpose for society, the courts, and the litigants, Rule 60(b) should be liberally construed to achieve substantial justice.[53]  "Rule 60(b) will be liberally construed in favor of trial on the full merits of the case.  Thus, unless it appears that no injustice was done by the judgment, the equities . . . will militate strongly in favor of relief."[54]  We have previously concluded that, "where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal."[55]  In *Seven Elves*, we determined that, in addition to preclusion of examination of the full merits, other equities also militated in favor of relief.[56]  There was no danger of prejudice, no great delay was likely to occur, the amount of money at issue was very great, and any malpractice remedy would have been "inadequate to restore the appellants to their prejudgment position."[57]

Razvi is not attempting to use Rule 60(b) as a substitute for an appeal, he made his motion within a reasonable time, he seeks relief from a judgment of dismissal in which there has been no consideration of the merits, and there

---

[53] *Gould*, 301 F.2d at 357.

[54] *Seven Elves*, 635 F.2d at 403.

[55] *Id.* at 402.

[56] *Id.* at 403.

[57] *Id.*

are no intervening equities which make it inequitable to grant relief. Razvi's cause of action alleges he suffered injuries in excess of $1,000,000. Any malpractice remedy would also be inadequate to restore him to his prejudgment position as the statute of limitations on his underlying claim has run and no court could reach the merits of his lawsuit. Therefore, when we look at the *Pioneer* factors in conjunction with the *Gould* considerations, it becomes clear that the district court abused its discretion in denying relief. A good faith calendaring error that did not create any risk of prejudice to the opposing party or to the judicial proceedings should not preclude review of the merits of his case.

## III

Even assuming the district court did not abuse its discretion in denying Razvi's motion for relief from judgment, involuntary dismissal was an excessively harsh sanction that constituted an abuse of discretion. Federal courts have the inherent authority to dismiss an action when a party fails to comply with its orders or with rules of procedure.[58] This power, however, is not unfettered.[59] In *Woodson*, we stated that involuntary dismissals "should be confined to instances of 'bad faith or willful abuse of the judicial

---

[58] *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968).

[59] *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) ("[W]hen these inherent powers are invoked, they must be exercised with 'restraint and discretion.'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1409 (5th Cir. 1993) ("Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion.") (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980)); *Flaksa*, 389 F.2d at 887-88 ("Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions.").

process,'"[60] such as when the district court finds a "clear record of delay and contumacious conduct."[61] We also emphasized that "we do not easily affirm a sanction of dismissal in a case, such as this one, where the sanctionable conduct was attributable to counsel rather than to the plaintiff directly."[62] However, we upheld the district court's dismissal in due part because of the "numerous obstacles and delays encountered" in the case.[63] In *McGrady v. D'Andrea Electric, Inc.*,[64] we concluded that there was sufficient evidence to uphold the district court's entry of default judgment.[65] The district court had found that the defendant in that case both did not file an adequate answer and failed to have a representative appear at the pretrial conference.[66] By contrast, in the case before us, there is no record of Razvi continuously or in bad faith failing to obey court orders or rules. Razvi's counsel mistakenly missed one deadline.

We have also cautioned that inherent powers "may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ 'the least possible power adequate to the end proposed'" and "[i]f there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first."[67] In

---

[60] *Woodson*, 57 F.3d at 1417 (quoting *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (per curiam)).

[61] *Id.*

[62] *Id.* at 1418.

[63] *Id.*

[64] 434 F.2d 1000 (5th Cir. 1970) (per curiam).

[65] *Id.* at 1001.

[66] *Id.*

[67] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat) 204, 231 (1821)).

*EEOC v. Gen. Dynamics Corp.*,[68] we "emphatically" stated that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances."[69]

Dismissing Razvi's cause of action in this case, essentially with prejudice since the statute of limitations had run, appears to be "overkill."[70] The district court should have tried less restrictive means first before employing a "lethal weapon." Razvi simply missed one filing deadline and there were no allegations of bad faith or contumacious behavior. There is no evidence that the district court considered lesser sanctions or provided an opportunity to cure. This is not so egregious a violation that only dismissal would have been appropriate nor did Razvi continuously commit procedural errors that frustrated the judicial process. Spirit argues that less restrictive means would not have been effective because Razvi continues to not comply with the rules, evidenced by her brief to this court. That argument has no bearing as to whether less restrictive means would have been effective in curbing any noncompliant behavior in the district court because it contemplates behavior on appeal. Spirit cannot justify the district court's previous sanction on what would have been at the time speculative future action. There was nothing in the record at the time of any previous misconduct by Razvi that would have made such an excessive sanction justified.

Razvi also argues that Local Rule 81.2 is a requirement of form and under Federal Rule 83(a)(2), "a requirement of form must not be enforced

---

[68] 999 F.2d 113 (5th Cir. 1993).

[69] *Id.* at 119.

[70] *See id.* ("Our judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill.").

No. 21-10016

in a way that causes a party to lose any right because of a nonwillful failure to comply."[71] In *Hicks v. Miller Brewing Co.*,[72] an unpublished Fifth Circuit decision, we concluded that a local rule requiring that the certificate of interested persons be filed contemporaneously with the complaint imposed a requirement of form.[73] We determined that "[t]he purposes of the rule could have been accomplished as long as Hicks remedied his noncompliance within a reasonable time. As long as Hicks's failure to comply with the rule was not willful-and nothing suggests that it was-he cannot be denied rights as a sanction."[74] Similarly, Razvi's substantive right to file his suit cannot be abridged for failure to comply with a local requirement of form.

In conclusion, the sanction imposed by the district court was an abuse of discretion.

## IV

Because we conclude that the district court abused its discretion, we need not consider Razvi's argument pertaining to the inconsistency of Local Rule 81.2 and Federal Rule 7.1.

\*   \*   \*

For the foregoing reasons, the order and judgment of the district court are REVERSED, and the cause is REMANDED for further proceedings not inconsistent with this opinion.

---

[71] *See* FED. R. CIV. P. 83(a)(2); *see also Hollier v. Watson*, 605 F. App'x 255, 257-58 (5th Cir. 2015) (per curiam) ("[A]bridging the plaintiff's substantive right to file a lawsuit for failure to comply with a local rule of form ran afoul of Rule 83(b).").

[72] 34 F. App'x 962 (5th Cir. 2002) (per curiam).

[73] *Id.*

[74] *Id.*